## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## ATHENS DIVISION

PEGGY BURGER,

      Plaintiff,

v.

LINCOLN APARTMENT
MANAGEMENT LIMITED
PARTNERSHIP d/b/a
LINCOLN PROPERTY
COMPANY,

      Defendant.

Civil Action File  3:13-cv-80

_____

## <u>COMPLAINT: CIVIL RIGHTS</u>

COMES NOW Plaintiff, Peggy Burger, by and through counsel, and hereby files this Complaint against Lincoln Property Company alleging violation of the Americans with Disabilities Act ("ADA"), as amended by the ADA Amendments Act of 2008 ("ADAAA"), 42 U.S.C.A. § 12101, *et seq*. and Section 504 of the Rehabilitation Act of 1973, as amended, 29 U.S.C.A. § 704 ("Rehab Act") and interference with and retaliation for having taken FMLA leave under Family Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 *et seq*.

**INTRODUCTION**

1.

This is an action for damages and injunctive relief.  Through this action, Plaintiff seeks redress of unlawful actions directed toward her in her employment by the Defendant.   Plaintiff brings this action pursuant to the FMLA, 29 U.S.C. § 2601 *et seq*., the Americans with Disabilities Act ("ADA"), as amended by the ADA Amendments Act of 2008 ("ADAAA"), 42 U.S.C.A. § 12101, *et seq*. and Section 504 of the Rehabilitation Act of 1973, as amended, 29 U.S.C.A. § 704 ("Rehab Act").

2.

Through this action, Plaintiff seeks redress for the Defendant's violations of her federal rights to take a leave of absence for serious medical problems and to be reinstated to her former position following her leave of absence; for Defendant's retaliation against her for taking FMLA leave and because she complained about FMLA and ADAAA violations; and for discriminating against her because Defendant regarded her as having a disability.

3.

Plaintiff also seeks restitution under the laws of the United States for losses she suffered as a direct and proximate result of Defendant's unlawful acts as described herein.

## JURISDICTION AND VENUE

4.

Jurisdiction of this Court is invoked pursuant to 29 U.S.C. § 2601 *et seq.* (FMLA), 42 U.S.C.A. § 12101, *et seq.,* 29 U.S.C.A. § 704, 28 U.S.C. §§ 1331 and 1343(a) (4), and 28 U.S.C. §§ 2201 and 2202.

5.

Venue is appropriate in the Middle District of Georgia, since the Plaintiff was primarily employed at Defendant's Athens location, which is located in the Middle District of Georgia, and many of the alleged violations of the law occurred at this work site.   29 U.S.C. § 2617.

## PARTIES

6.

Plaintiff is a citizen of the United States and is a resident of Oglethorpe County, Georgia and submits herself to the jurisdiction of this Court.

3

7.

Defendant Lincoln Property Company, ("Defendant" or "Lincoln") is a Texas corporation authorized by the Secretary of State to do business in the state of Georgia.  Defendant manages apartment complexes in Athens and Gainesville, Georgia, where Plaintiff worked.   It also manages other properties in Georgia and elsewhere.

8.

Defendant employs more than fifty (50) employees within seventy-five (75) miles of Plaintiff's work location and is subject to the FMLA and the ADAAA. It is also subject to the Rehabilitation Act as a federal contractor and recipient of federal funds. It may be served by delivering process to its registered agent, C T Corporation System, 1201 West Peachtree Street NE, Atlanta, Georgia, 30361.

## ADMINISTRATIVE PROCEEDINGS

9.

Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission within 180 days of the occurrence of the acts of which she now complains.

10.

On or after April 24, 2013, Plaintiff received a Notice of Right to Sue from the Equal Employment Opportunity Commission relating to her charge of discrimination.   This civil action is instituted in the appropriate federal district court within ninety (90) days of the receipt of said Notice.

## STATEMENT OF FACTS

11.

Plaintiff was employed by Lincoln Property as the property manager of Oak Hill Apartments and Lenox Park Apartments from October 6, 2008, to approximately May 21, 2012, at which time she was forced to resign.

12.

In early November, 2011, Plaintiff suffered a stroke which totally incapacitated her until November 30, 2011. She was allowed to go on FMLA medical leave during this period of incapacity.

13.

After her stroke, even though Plaintiff had fully recovered, Defendant's attitude toward her changed, members of management were no longer comfortable talking to her and they didn't seem to think she could do her job.

5

14.

Once Plaintiff was released to return to work following her FMLA leave, she was not reinstated to her former position at Oak Hill Apartments in Athens, Georgia, even though it was available.

15.

At the time Plaintiff sought to be returned to her job at Oak Hill, her duties were being performed by a "floater," which means the employee went from job to job wherever there was a temporary need.   This person had not taken FMLA leave, did not have a disability and was not perceived to have a disability.

16.

Plaintiff was better qualified than the person who replaced her at Oak Hill.

17.

Instead of being reinstated to her position at Oak Hill, as required by the FMLA, Plaintiff was required to start working at Lenox Park Apartments in Gainesville, even though it was not a comparable job.

18.

The job at Lenox Park was more than fifty (50) miles from her house and more than thirty (30) miles from her work location in Athens (company policy

allows for transfers up to thirty (30) miles away from an employee's work site) and resulted in her having to commute more than two (2) hours per day and also made it more difficult to go to her doctors, who are located in Athens.

19.

Lenox Park is a much larger apartment complex than Oak Hill and the units were in poor repair.

20.

Lenox Park tenants are predominantly Spanish speaking, which Plaintiff does not speak, which made it very difficult to effectively communicate with the tenants.

21.

At the time she was told of this transfer, Plaintiff objected stating that that she should be allowed to return to her former position and complained that these actions potentially violated the Americans with Disabilities Act and the FMLA.

22.

Despite her objections, when the company insisted that this was the only position available, Plaintiff agreed to attempt to perform the job despite her misgivings.

23.

On January 9, 2012, Plaintiff wrote to the company and again reiterated her concerns that her rights under ADA and FMLA were being violated; that even though she was working in the new position, she did not agree to this move; that she was concerned about her ability to continue to commute as well as her ability to be an effective manager given the nature of the new job; and requested that she be returned to her former position at Oak Hill.

24.

The Defendant did nothing to address Plaintiff's concerns and did not change her work location or conditions.

25.

Instead, the Defendant held her complaints against Plaintiff; began criticizing her work; and took adverse actions against her.

26.

After Plaintiff was involuntarily transferred to Lenox Park, her quarterly bonus was reduced.

27.

Then, in April, 2012, Plaintiff was out sick, which was verified with a

doctor's note, and unable to work from April 24th until April 30th. As a result, Plaintiff could not prepare the monthly close out report until after she returned.

28.

Thereafter, the Defendant told her she would no longer get a leasing commission.

29.

After tolerating the material adverse changes in her employment for nearly six (6) months, including having to commute two (2) hours per day and incur substantially more in travel expenses, after her leasing commissions were eliminated and her quarterly bonus was cut, and after the Defendant continued to unfairly scrutinize her work performance, Plaintiff was no longer able to continue working at the position in Gainesville at Lenox Park and was forced to resign.

30.

At all times, Defendant acted willfully and/or with reckless disregard for Plaintiff's rights under the FMLA and ADAAA.

## STATEMENT OF CLAIMS

### COUNT I
### INTERFERENCE WITH FMLA RIGHTS

31.

The Defendant interfered with Plaintiff's right to take FMLA qualifying leave, as reflected in the above Paragraphs, including but not limited to failing to reinstate her to her former position after taking FMLA leave and then adversely affecting the material terms and conditions of her employment, which resulted in her being forced to resign from her job.

32.

Defendant's interference with Plaintiff's FMLA rights violated the Family and Medical Leave Act.

33.

The effect of the Defendant's actions has been to deprive Plaintiff of income in the form of wages, health insurance, prospective retirement benefits, social security, and other benefits due her, and caused to incur other monetary losses because of her having taken FMLA leave.

34.

As such, Plaintiff has suffered, is now suffering, and will continue to suffer irreparable injury from the Defendant's acts of interfering with her FMLA rights.

35.

Therefore, Plaintiff is entitled to both equitable and monetary relief for Defendant's violation of the law.

36.

As a direct and proximate result of Defendant's wrongful conduct, Plaintiff has suffered damages in an amount to be proven at trial.

37.

Plaintiff is further entitled to liquidated damages for the violations of her civil rights under the FMLA, 29 U.S.C. § 2601 *et seq.*

## COUNT II
## RETALIATION FOR TAKING FMLA LEAVE AND COMPLAINING ABOUT VIOLATIONS OF THE FMLA

38.

The Defendant retaliated against Plaintiff for taking FMLA leave and/or because Plaintiff complained her FMLA rights were being violated, as reflected in the above Paragraphs, including but not limited to failing to reinstate her to her

former position after taking FMLA leave and then adversely affecting the material terms and conditions of her employment, which resulted in her being forced to resign from her job.

39.

Defendant's retaliatory actions violated the Family and Medical Leave Act.

40.

The effect of the Defendant's actions has been to deprive Plaintiff of income in the form of wages, health insurance, prospective retirement benefits, social security, and other benefits due her and caused to incur other monetary losses because of her having taken FMLA leave.

41.

As such, Plaintiff has suffered, is now suffering, and will continue to suffer irreparable injury from the Defendant's acts of retaliating against her for exercising her FMLA rights and complaining about violations of her FMLA rights.

42.

Therefore, Plaintiff is entitled to both equitable and monetary relief for the Defendant's violation of the law.

43.

As a direct and proximate result of Defendant's wrongful conduct, Plaintiff has suffered damages in an amount to be proven at trial.

44.

Plaintiff is further entitled to liquidated damages for the violations of her civil rights under the FMLA, 29 U.S.C. § 2601 *et seq*.

## COUNT III
## DISCRIMINATION UNDER THE ADAAA BECAUSE OF BEING REGARDED AS HAVING A DISABILITY

45.

The Defendant discriminated against Plaintiff because it regarded her as having a disability, as reflected in the above Paragraphs, including but not limited to failing to reinstate her to her former position after taking FMLA leave, due to a temporary disability, and then adversely affecting the material terms and conditions of her employment, which resulted in her being forced to resign from her job.

46.

Defendant's actions violated the ADAAA, the Americans with Disabilities Act ("ADA"), as amended by the ADA Amendments Act of 2008, 42 U.S.C.A. §

12101, *et seq*. and Section 504 of the Rehabilitation Act of 1973, as amended, 29 U.S.C.A. § 704 ("Rehab Act").

47.

The effect of the Defendant's actions has been to deprive Plaintiff of income in the form of wages, health insurance, prospective retirement benefits, social security, and other benefits due her and caused to incur other monetary losses because of Defendant's perception that Plaintiff had a disability.

48.

As such, Plaintiff has suffered, is now suffering, and will continue to suffer irreparable injury from the Defendant's acts of discriminating against her because of its perception that Plaintiff had a disability.

49.

Therefore, Plaintiff is entitled to both equitable and monetary relief for the Defendant's violation of the law.

50.

Furthermore, Plaintiff has suffered and will continue to suffer emotional distress as a result of Defendant's actions.

14

51.

As a direct and proximate result of Defendant's wrongful conduct, Plaintiff has suffered damages in an amount to be proven at trial.

52.

Plaintiff is further entitled to compensatory and punitive damages for the violations of her civil rights under the FMLA and ADAAA.

## COUNT IV
## RETALIATION FOR COMPLAINING ABOUT
## DISABILITY DISCRIMINATION IN VIOLATION OF THE ADAAA

53.

The Defendant retaliated against Plaintiff for complaining about potential violations of the ADAAA, as reflected in the above Paragraphs, including but not limited to failing to reinstate her to her former position after taking FMLA leave and then adversely affecting the material terms and conditions of her employment, which resulted in her being forced to resign from her job.

54.

Defendant's actions violated the ADAAA, the Americans with Disabilities Act ("ADA"), as amended by the ADA Amendments Act of 2008, 42 U.S.C.A. §

12101, *et seq*. and Section 504 of the Rehabilitation Act of 1973, as amended, 29 U.S.C.A. § 704 ("Rehab Act").

55.

The effect of the Defendant's actions has been to deprive Plaintiff of income in the form of wages, health insurance, prospective retirement benefits, social security, and other benefits due her and caused to incur other monetary losses because of its retaliatory acts.

56.

As such, Plaintiff has suffered, is now suffering, and will continue to suffer irreparable injury from the Defendant's acts of retaliation against her because she complained about violations of the ADAAA.

57.

Therefore, Plaintiff is entitled to both equitable and monetary relief for the Defendant's violation of the law.

58.

Furthermore, Plaintiff has suffered and will continue to suffer emotional distress as a result of Defendants' actions.

59.

Therefore, Plaintiff is entitled to both equitable and monetary relief for the Defendant's violation of the law.

60.

Plaintiff is further entitled to compensatory and punitive damages for the violations of her civil rights under the FMLA and ADAAA.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that this Court:

1.   Issue a declaratory judgment that Defendant's acts, policies, practices, and procedures complained of herein violated Plaintiff's rights as secured under the Family Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 *et seq*., the Americans with Disabilities Act ("ADA"), as amended by the ADA Amendments Act of 2008 ("ADAAA"), 42 U.S.C.A. § 12101, *et seq*. and Section 504 of the Rehabilitation Act of 1973, as amended, 29 U.S.C.A. § 704 ("Rehab Act");

2.   Grant Plaintiff a permanent injunction enjoining the Defendant, its officers, agents, successors, employees, attorneys, and those acting in concert with them, from engaging in any employment act, practice or policy which violates the

FMLA, the ADAAA or Rehab Act and from Defendant retaliating against any person because of their participation in this lawsuit;

3. Order the Defendant to make whole the Plaintiff by reinstating her former position, providing for her back pay, reimbursement for lost pension benefits, insurance benefits, medical expenses incurred, social security, experience, training, and other benefits and expenses in an amount to be proven at trial;

4. Grant to Plaintiff liquidated damages in an amount equal to the sum of any wages, salary, employment benefits or other compensation denied or lost as a result of Defendant's unlawful and discriminatory acts as provided by the FMLA inasmuch as Defendant has acted willfully and intentionally;

5. Grant to Plaintiff compensatory damages in an amount reasonable and commensurate with the losses imposed upon her by the Defendant's unlawful and discriminatory acts, including her pain and emotional distress;

6. Grant to Plaintiff punitive damages in an amount reasonable and commensurate with the harm done and calculated to be sufficient to deter such conduct in the future;

7. Grant to Plaintiff a jury trial on all issues so triable;

8. Grant to Plaintiff the costs in this action and reasonable attorneys' fees as provided by law; and

9.  Grant such additional relief as the Court deems proper and just.

Respectfully submitted,

s/Janet E. Hill
Janet E. Hill, Esq.
Georgia Bar No. 354230
HILL & ASSOCIATES, P.C.
Attorneys for Plaintiff
1160 S. Milledge Ave, Suite 140
Athens, Georgia 30605
(706) 353-7272
janetehill@bellsouth.net